THOMAS DEVER v. THE CITY OF JUNCTION CITY *et al.*

45  417
f61  191

1. STREET IMPROVEMENT, *Not Enjoined.* A city of the second class, having authority to improve a street, cannot be enjoined from making such improvement by the abutting property owner upon the ground that the work is being defectively performed.

2. INJUNCTION — *No Cause of Action Stated.* Where a petition for an injunction to enjoin a city of the second class from improving a certain street therein alleges as a ground for the order, that the character of the work is such that it will necessitate a special tax against the abutting property owners to pay therefor, and the ordinance under which the improvement is being made is attached to the petition as a part thereof, and said ordinance does not provide for any special tax to pay for such improvements, and the petition does not allege that any such tax has been levied nor any act done indicating that such a tax is about to be levied, *held,* that the petition, in this respect, does not state a cause of action.

27—45 KAS.

*Error from Geary District Court.*

THE opinion states the case.

*Thomas Dever,* plaintiff in error, for himself.
*J. R. McClure,* for defendants in error.

Opinion by STRANG, C.: A temporary order of injunction was allowed in this case by the district judge of Geary county, February 23d, 1888.   On the 27th of the same month a motion to vacate said injunction was heard and sustained.   The plaintiff complains of the order vacating said injunction, and asks this court to reverse it.

There is no pretense in this case that the defendants or either of them has or is about to appropriate any property belonging to the plaintiff.   But the plaintiff alleges that the defendant city, and William Fisher, under direction of said city, are engaged in the improvement of one of the streets of said city, and that the work is being defectively performed, because of which he will suffer damage.   The city has authority to improve its streets; and, possessing the power to improve them, we do not think the plaintiff can enjoin the city upon the ground that the work is being defectively performed.   Plaintiff also says that the work being done by the city is of that character that will necessitate the levying of a tax against the abutting property to pay for the same, and that the city has not taken the necessary steps required to be performed by the statutes, providing for such improvements, as conditions precedent to the making of said improvements, and the assessment of a tax to pay for them, and that therefore the injunction should have been continued.   No assessment has been made to pay for the work being done, and no act done that indicates the making of an assessment therefor.   But on the contrary, the ordinance which provides for the improvement, and which is made a part of the plaintiff's petition, makes no provision for any assessment against the abutting property to pay the expense of such improvement.   This fact should dis-

pel the fears of the plaintiff that any special tax is to be levied against the abutting property to pay for said improvements.

It is recommended that the action of the district judge in vacating the order of injunction be affirmed.

By the Court: It is so ordered.

All the Justices concurring.